IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **CEVE EDWARDS,** | § | |
| | § | |
| Petitioner, | § | |
| v. | § | |
| | § | Criminal Action No. **3:96-CR-0071-L(9)** |
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Petitioner Ceve Edward's Motion Seeking Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(2) and 18 U.S.C. § 3553(a) and Amendments #748 and #750 of the FSA (2010), filed November 1, 2011. The court did not require the government to respond. For the reasons that follow, the court **denies** Petitioner's Motion Seeking Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(2) and 18 U.S.C. § 3553(a) and Amendments #748 and #750 of the FSA (2010).

### I.     Background

Petitioner is serving a 240-month sentence for conspiracy to possess with intent to distribute a controlled substance in violation of 21 U.S.C. § 846. In support of his motion, Petitioner relies on his advanced age, health issues, length of sentence, and other factors. Petitioner contends he is entitled to a reduction in sentence based on the retroactive application of the Fair Sentencing Act of 2010 ("FSA").

## II.     Analysis

A court's authority to modify a previously imposed sentence is narrow. *See United States v. Bridges*, 116 F.3d 1110, 1112 (5th Cir. 1997) (recognizing that a district court's authority to correct or modify a sentence is limited to those specific circumstances enumerated by Congress in 18 U.S.C. § 3582(b)). Section 3553(a) of Title 18 outlines the factors a court must consider in imposing a sentence. *See* 18 U.S.C. § 3553(a). Petitioner does not cite any authority to support his contention that section 3553(a) can and should be considered in a postjudgment motion for reduction of a sentence. The court therefore determines that Petitioner is not entitled to a reduction of sentence under section 3553(a).

Petitioner's request for reduction of sentence under section 3582(c)(2) fares no better. Section 3582 permits a defendant to move, under certain circumstances, for discretionary modification of his sentence if it was based on a sentencing range that the Sentencing Commission later lowered. *See* 18 U.S.C. § 3582(c)(2); *United States v. Gonzalez-Balderas*, 105 F.3d 981, 982 (5th Cir. 1997). The FSA, Pub. L. 111-220, 124 Stat. 2372 (2010), raised the threshold amount of cocaine base necessary to activate a mandatory minimum term of imprisonment under 21 U.S.C. § 841(b)(1)(B) from 5 grams of a mixture containing cocaine base to 28 grams of such a mixture. Petitioner is ineligible for relief under the new crack cocaine amendments because he was not convicted of a crack cocaine offense. The court previously denied a request by Petitioner for reduction of sentence under the 2008 crack cocaine amendments on that basis, and the United States Court of Appeals for the Fifth Circuit affirmed the court's denial of Petitioner's section 3582(c)(2) motion, noting that "[t]he record confirms that Edward's offense level was not based in whole or in part on cocaine base. Rather, his offense level was based upon his sale of 20 kilograms of cocaine."

**Memorandum Opinion and Order – Page 2**

*United States v. Edwards*, 328 F. App'x 970, 971 (5th Cir. 2009).  As a result, the new crack cocaine amendments do not benefit Petitioner, and he is not entitled to a reduction of sentence under section 3582(c)(2).

**III.     Conclusion**

For the reasons herein stated, the court **denies** Petitioner's Motion Seeking Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(2) and 18 U.S.C. § 3553(a) and Amendments #748 and #750 of the FSA (2010).

**It is so ordered** this 23rd day of December, 2011.

                                          Sam A. Lindsay
                                          United States District Judge